Matthew Hallinan, Plaintiff, v. James Murphy and Ellen Murphy, Defendants.

*Ejectment — a grantee acting as intermediary to pass the title from husband to wife — estoppel.*

Upon the trial of an action of ejectment, involving the title to a small strip of land, it appeared that adjoining premises were conveyed to two brothers, John Murphy, the grantor of the plaintiff, and James Murphy, the defendant, from a common source of title, and that both deeds covered the land in dispute; that John Murphy wished to transfer his title to his wife, Margaret, and to that end he and his wife deeded their premises to James Murphy by quit-claim deed, following the description in John Murphy's deed, and that James Murphy, by a similar deed and by the same description, reconveyed them to Margaret. These deeds were without consideration and were dated and recorded at the same time.

*Held,* that James was merely an intermediary for the accommodation and benefit of John and his wife, and that John was estopped from claiming the strip in question under the deed from James, and that the plaintiff claiming under him was also estopped by the constant, open and notorious possession by James of the strip, which was notice to all persons of his rights;

That the deed to Margaret from James did not convey any more to her than James obtained by the deed from John and Margaret to him.

Motion by the plaintiff, Matthew Hallinan, for a new trial upon a case containing exceptions ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the defendants, directed by the court after a trial at the Cattaraugus Circuit on the 11th day of September, 1894.

*E. D. Northrup,* for the plaintiff.

*G. M. Rider,* for the defendants.

WARD, J.:

This was an action of ejectment, to recover a small strip of land, tried at the Cattaraugus Circuit in September, 1894. Both parties claimed under a common source of title. The deed to the defendants was executed and delivered first, but not recorded until after the original deed to the plaintiff's grantor, John Murphy, was recorded. Both deeds covered the premises in controversy. The original grantees were brothers and took premises adjoining under their several deeds. The defendants were in possession of the disputed premises when John Murphy obtained his title, and he, doubtless, had constructive, if not actual, notice of the defendants' rights. Later on John Murphy wanted to get the title in his wife, Margaret, to the premises he owned, and he and his wife deeded by quit-claim deed to the defendant James Murphy the premises, following the description of John Murphy's deed, and James Murphy quit-claimed the premises by the same description back to Margaret. There was no consideration for either deed except the purpose of transferring the title of John Murphy to his wife, Margaret. The deeds bear date the same day and are recorded the same day and hour. Through a sheriff's sale against Margaret and through various mesne conveyances the plaintiff obtained his title to the premises. The defendant James had occupied the premises covered by his deed and including the premises in dispute more than twenty years before the commencement of this action, and there was strong evidence showing that he had acquired title to the premises by adverse possession. At the close of the trial the defendants asked for a direction by the court of a verdict in their favor. The plaintiff in effect asked for a direction of a verdict in his favor except as to the damages and he desired that question submitted to the jury. The trial court directed a verdict for the defendants. The plaintiff claims that as the original deed to John Murphy was first recorded he has superior title under the Recording Act, and he also takes the position that because of the deed of the defendant James Murphy to Margaret, James has parted with his title to the premises in dispute. The learned trial court passed upon all of the questions of fact in the case in the place of the jury under the requests, except the question of damages, and the court, finding

those facts and the law with the defendants, eliminated the question of damages from the case altogether, and there was nothing, therefore, to go to the jury. The court may well have found that John Murphy had actual or constructive notice of the defendants' rights to the premises in dispute, or that the defendants' title to them was perfect by adverse possession. If it found the last question in favor of the defendants the deed to Margaret would be unimportant. As between the original parties the deed to Margaret did not convey any more to her than the defendant James obtained by reason of the deed from John and Margaret to him. James was an intermediary simply for the accommodation and benefit of John and his wife, and John would have been estopped from claiming the premises in dispute from James under that deed, and those claiming under John and Margaret are equally estopped as the constant, notorious and open possession of James of the disputed premises was notice to all of his rights. At least so the trial court may have found. Indeed, by a provision in the plaintiff's deed the occupation of the premises by the defendants in dispute is recognized.

The motion for a new trial should be denied, with ten dollars costs and the disbursements, and judgment ordered for the defendants upon the verdict.

LEWIS and BRADLEY, JJ., concurred.

Motion for a new trial denied and judgment directed for the defendants on the verdict.